**FILED**
JUN 24 2009
Clerk, U.S. District and Bankruptcy Courts

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ELECTRONIC FRONTIER FOUNDATION**<br>1875 Connecticut Avenue, N.W.<br>Suite 650<br>Washington, DC 20009,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>**DEPARTMENT OF JUSTICE**<br>950 Pennsylvania Avenue, N.W.<br>Washington DC 20530,<br><br>　　　　　Defendant. | Case: 1:09-cv-01151<br>Assigned To : Sullivan, Emmet G.<br>Assign. Date : 6/24/2009<br>Description: FOIA/Privacy Act |

## COMPLAINT FOR INJUNCTIVE RELIEF

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. Plaintiff Electronic Frontier Foundation seeks injunctive and other appropriate relief for the processing and release of agency records requested by plaintiff from the Federal Bureau of Investigation, a component of defendant Department of Justice. Specifically, plaintiff seeks disclosure of the Bureau's Domestic Investigative Operational Guidelines, which became effective on December 1, 2008, and which implement the Attorney General's Guidelines for Domestic FBI Operations.

### Jurisdiction and Venue

2. This Court has both subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. §§ 552(a)(4)(B). This Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1331. Venue lies in this district under 5 U.S.C. § 552(a)(4)(B).

**Parties**

3. Plaintiff Electronic Frontier Foundation ("EFF") is a not-for-profit corporation established under the laws of the State of Massachusetts, with offices in San Francisco, California and Washington, DC. EFF is a donor-supported membership organization that works to inform policymakers and the general public about civil liberties issues related to technology, and to act as a defender of those liberties. In support of its mission, EFF uses the FOIA to obtain and disseminate information concerning the activities of federal agencies.

4. Defendant Department of Justice ("DOJ") is a Department of the Executive Branch of the United States Government. DOJ is an "agency" within the meaning of 5 U.S.C. § 552(f). The Federal Bureau of Investigation ("FBI") is a component within defendant DOJ.

**The Attorney General's Guidelines for Domestic FBI Operations
and the FBI's Domestic Investigative Operational Guidelines**

5. For 33 years, the FBI's domestic surveillance activities have been conducted according to a set of guidelines promulgated and revised by successive Attorneys General. Initially crafted by Edward Levi in 1976, the first set of Attorney General's Guidelines were put into place to curb the invasive techniques of the FBI's Counterintelligence Program of the 1960s and 1970s, commonly known as COINTELPRO.

6. In the wake of the 9/11 terrorist attacks, Attorney General John Ashcroft moved to relax the guidelines. The Ashcroft guidelines allowed FBI agents to conduct broad Internet searches, use commercial data mining services and attend events such as peace rallies for the purpose of surveillance. For the first time, the FBI could engage in

free-ranging electronic investigation of Internet sites, libraries and religious institutions, all without cause or suspicion. Intended to help transform the FBI from a traditional law enforcement agency into a domestic intelligence agency, Mr. Ashcroft's 2002 revisions of the Attorney General's Guidelines drew sharp criticism from a diverse group of organizations and then-House Judiciary Committee Chairman James Sensenbrenner (R-Wis.).

7. Attorney General Michael Mukasey announced the most recent overhaul of the Attorney General's Guidelines in October 2008. The new guidelines, *inter alia*, give the FBI the authority to open investigative "assessments" of any American without any factual predicate or suspicion. Such "assessments" allow the use of intrusive techniques to surreptitiously collect information on people suspected of no wrongdoing and no connection with any foreign entity. These inquiries may include the collection of information from online sources and commercial databases, and the use of grand jury subpoenas to obtain telephone and email subscriber information. The new Attorney General's Guidelines became effective on December 1, 2008.

8. The FBI has promulgated Domestic Investigations and Operations Guidelines ("DIOG"), a collection of procedures, standards, approval levels, and explanations to govern Bureau activities under the revised Attorney General's Guidelines. The DIOG also became effective on December 1, 2008.

9. By letter to Senate Select Committee on Intelligence Chairman John D. Rockefeller IV, dated December 15, 2008, Valerie Caproni, the General Counsel of the FBI, summarized the steps taken by the FBI and the Department of Justice to implement the Attorney General's Guidelines through the development and issuance of the DIOG.

Ms. Caproni discussed, *inter alia*, the investigative category of "assessments" allowed under the guidelines, particularly those "furthest removed from traditional notions of predication," and the newly available assessments techniques. She noted that "we understand that the expansion of techniques available . . . has raised privacy and civil liberties concerns [but] we believe that our policies and procedures will mitigate those concerns." Ms. Caproni stated that the FBI will "reassess the policy judgments made in the DIOG in one year." She stated that the reassessment will be "informed by our experience in the coming year, as well as by comments and suggestions received from Congress and interested parties."

10. To date – more than six months after they became effective and more than halfway through the one-year "reassessment" period – the FBI has not made the DIOG publicly available.

### Plaintiff's FOIA Request

11. By letter sent by facsimile to the FBI on December 5, 2008, plaintiff requested under the FOIA "a complete copy of the FBI's Domestic Investigative Operational Guidelines ("DIOG"), which became effective on December 1, 2008, and which implement the Attorney General's Guidelines for Domestic FBI Operations."

12. On information and belief, the FBI received plaintiff's letter described in ¶ 11 on December 5, 2008.

13. By letter to plaintiff dated May 29, 2009, the FBI referenced plaintiff's FOIA request for the DIOG and stated in pertinent part:

> The document you requested is currently undergoing a review by the
> FBI's Corporate Policy Office to determine which portions of the DIOG
> can be released to the public. Upon the completion of this review, the FBI
> will make those portions available on the FBI's public website. The

information that will be posted on the website would be the same information released in response to this request. Accordingly, the FBI is closing your request.

15. To date, the FBI has not disclosed agency records responsive to plaintiff's FOIA request.

16. The FBI has violated the applicable statutory time limit for the processing of FOIA requests.

17. Plaintiff has exhausted the applicable administrative remedies.

18. The FBI has wrongfully withheld the requested records from plaintiff.

## CAUSE OF ACTION

### Violation of the Freedom of Information Act for Wrongful Withholding of Agency Records

19. Plaintiff repeats and realleges paragraphs 1-18.

20. The FBI has wrongfully withheld agency records requested by plaintiff by failing to comply with the statutory time limit for the processing of FOIA requests.

21. Plaintiff has exhausted the applicable administrative remedies with respect to the FBI's wrongful withholding of the requested records.

22. Plaintiff is entitled to injunctive relief with respect to the release and disclosure of the requested records.

### Requested Relief

WHEREFORE, plaintiff prays that this Court:

A. order defendant DOJ (and its component FBI) to process immediately

the requested records in their entirety;

B. order defendant DOJ (and its component FBI), upon completion of such processing, to disclose the requested records in their entirety and make copies available to plaintiff;

C. provide for expeditious proceedings in this action;

D. award plaintiff its costs and reasonable attorneys fees incurred in this action; and

E. grant such other relief as the Court may deem just and proper.

Respectfully submitted,

_____
DAVID L. SOBEL
D.C. Bar No. 360418

Electronic Frontier Foundation
1875 Connecticut Avenue, N.W.
Suite 650
Washington, DC 20009
(202) 797-9009


MARCIA HOFMANN
D.C. Bar No. 484136

Electronic Frontier Foundation
454 Shotwell Street
San Francisco, CA 94110
(415) 436-9333


Counsel for Plaintiff