# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ELECTRONIC FRONTIER FOUNDATION, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 1:09-cv-01151 (EGS) |
| v. ) | |
| ) | |
| DEPARTMENT OF JUSTICE, ) | |
| ) | |
| Defendant. ) | |

## ANSWER

Defendant Department of Justice, by and through undersigned counsel, hereby answers the individually numbered paragraphs of Plaintiff's Complaint ("Complaint") as follows:

1. Defendant states that Paragraph 1 of the Complaint is a characterization of the present action to which no response is required.  To the extent that a response is required, Defendant admits that Plaintiff purports to proceed under the Freedom of Information Act and purports to seek the relief it describes in Paragraph 1.

2. The allegations in Paragraph 2 of the Complaint state legal conclusions to which no response is required.

3. Defendant is without information sufficient to form a belief as to the truth of the allegations in Paragraph 3 of the Complaint.

4. Defendant admits the allegations in Paragraph 4 of the Complaint.

5. Defendant admits that it has conducted surveillance activities in accordance with guidelines, but otherwise denies the allegations in Paragraph 5 of the Complaint.

6. The allegations in Paragraph 6 consist of characterizations to which no response

is required. To the extent that a response is required, Defendant denies the allegations.

7. Defendant admits the allegations in the first, fourth and fifth sentences of Paragraph 7 of the Complaint. Defendant admits that the Attorney General's guidelines permit investigative assessments but otherwise disputes the characterization of those assessments. Defendant otherwise denies the allegations in Paragraph 7 of the Complaint.

8. Defendant admits the allegations in Paragraph 8 of the Complaint.

9. Defendant admits that a letter dated December 15, 2008 was sent from Valerie Caproni to Senator John D. Rockefeller IV. Defendant further admits that Paragraph 9 of the Complaint purports to quote and summarize the content of that letter. Defendant respectfully refers the Court to the letter itself for a complete statement of its contents.

10. Defendant admits the allegations in Paragraph 10 of the Complaint.

11. Defendant admits that Plaintiff faxed a letter to the Federal Bureau of Investigation ("FBI"), and that Paragraph 11 of the Complaint purports to quote from that letter. Defendant respectfully refers the Court to the letter itself for a complete statement of its contents.

12. Defendant admits the allegations in Paragraph 12 of the Complaint.

13. Defendant admits that the FBI sent a letter dated May 29, 2009 and that Paragraph 13 of the Complaint purports to quote from that letter. Defendant respectfully refers the Court to the letter itself for a complete statement of its contents.

14. Defendant notes that no Paragraph 14 appears in the Complaint.

15. Defendant admits the allegations in Paragraph 15 of the Complaint.

16. The allegations in Paragraph 16 of the Complaint state a legal conclusion to which no response is required. To the extent that a response is required, Defendant denies the

allegations.

17. The allegations in Paragraph 17 of the Complaint state a legal conclusion to which no response is required. To the extent that a response is required, Defendant denies the allegations.

18. The allegations in Paragraph 18 of the Complaint state a legal conclusion to which no response is required. To the extent that a response is required, Defendant denies the allegations.

19. Defendant repeats its responses to Paragraphs 1 through 18 of the Complaint as if fully set forth herein.

20. The allegations in Paragraph 20 of the Complaint state a legal conclusion to which no response is required. To the extent that a response is required, Defendant denies the allegations.

21. The allegations in Paragraph 21 of the Complaint state a legal conclusion to which no response is required. To the extent that a response is required, Defendant denies the allegations.

22. The allegations in Paragraph 22 of the Complaint state a legal conclusion to which no response is required. To the extent that a response is required, Defendant denies the allegations.

The remaining material in the Complaint constitutes Plaintiff's prayer for relief, to which no response is required. To the extent that a response is required, Defendant repeats its responses above as if set forth fully herein and denies that Plaintiff is entitled to relief it seeks.

Wherefore, Defendant prays that the Court enter judgment on its behalf and award it costs and other relief as the Court deems fit.

Dated:  July 24, 2009

Respectfully submitted,

TONY WEST
Assistant Attorney General

JOHN TYLER
Assistant Director
Civil Division

  /s/Bryan R. Diederich
Bryan R. Diederich (MA BBO # 647632, NY Reg. # 4216164)
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
P.O. Box 883, Room 7109
Washington, D.C. 20530
Tel:  (202) 305-0198
Fax:  (202) 616-8470
E-mail:  bryan.diederich@usdoj.gov

Attorneys for Defendant